IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

RAYMOND AND GURDA CHARLESWELL,  :
JACQUELINE JEFFRIES, MARILYN A.  :
CREQUE, JEAN S. MAYNARD,  :
HOLLISTER PIERRE, and VERDINE  :
PIERRE, individually, and JACINTA  :
SPRINGETTE, WILFREDO ACOSTA, and  :
IRENE ACOSTA, individually and on behalf  :
of a class of persons similarly situated,  :
                    Plaintiffs,  :
  :
             v.  :
  :
CHASE MANHATTAN BANK, N.A.,  :
CHASE MANHATTAN MORTGAGE  :
CORPORATION, and CHASE AGENCY  :
SERVICES, INC.,  :
    Defendants / Third-Party Plaintiffs,  :
  :
             v.  :
  :
CERTAIN INTERESTED UNDERWRITERS  :
AT LLOYDS OF LONDON  :
    Defendant / Third-Party Defendant.  :

CIVIL ACTION

NO.  01-119



DuBOIS, J.

December 8, 2009

## M E M O R A N D U M

### I.    Introduction

In this case, plaintiffs, owners of real property in the Virgin Islands, assert claims against

defendants, Chase Manhattan Bank, N.A., Chase Manhattan Mortgage Corporation, Chase

Agency Services, Inc. (collectively "Chase defendants"), and Certain Interested Underwriters at

Lloyds of London ("Lloyds"), for recovery of tens of millions of dollars in insurance coverage for

1

property damage caused by Hurricane Marilyn in September 1995.

Presently before the Court is Plaintiffs' Motion to Strike Lloyds's Affirmative Defenses and Memorandum of Law in Support of its Motion, filed on August 24, 2009 ("Mot. to Strike Lloyds"). For the reasons set forth below, plaintiffs' motion is denied.

## II.    Background

Plaintiffs Raymond Charleswell, Gurda Charleswell, Jacqueline Jeffries, Marilyn A. Creque, Jean S. Maynard, Hollister Pierre, and Verdine Pierre ("original plaintiffs")[1] filed a class action Complaint on July 9, 2001, in the District Court of the Virgin Islands against Chase defendants. The original Complaint asserted twelve causes of action in separate counts: negligent misrepresentation, fraud, negligence, breach of contract, breach of fiduciary obligation, breach of the duty of good faith and fair dealing, bad faith, and civil violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.,* and the Criminally Influenced and Corrupt Organizations Act ("CICO"), V.I. Code Ann. tit. 14, §§ 600 *et seq.* On November 16, 2001, plaintiffs filed a motion for class certification.

Chase defendants filed a motion to dismiss the original Complaint on February 1, 2002, and Third Party Complaint against Lloyds on July 16, 2002. By Order and Memorandum dated February 27, 2004, Chase defendants' motion to dismiss was granted in part and denied in part. The Court granted the motion with respect to plaintiffs' claims for negligent misrepresentation, bad faith, violation of RICO § 1962(a), and violation of CICO § 605(c), and denied the motion to dismiss in all other respects. Charleswell v. Chase Manhattan Bank, N.A. (Charleswell I), 308 F.

---

[1] Marsha Christian, one of the plaintiffs to the original class action Complaint, was voluntarily dismissed on July 3, 2002.

2

Supp. 2d 545 (D.V.I. 2004).

On April 14, 2004, the Court held a hearing on plaintiffs' motion for class certification. By Order and Memorandum dated August 6, 2004, the Court denied plaintiffs' motion for class certification without prejudice to plaintiffs' right to file an amended class action complaint or renewed motion for class certification. Charleswell v. Chase Manhattan Bank, N.A. (Charleswell II), 223 F.R.D. 371 (D.V.I. 2004).

Plaintiffs filed a Motion for Leave to File a First Amended Complaint Instanter on December 1, 2004. Included for the first time in the First Amended Complaint were plaintiffs Jacinta Springette, Wilfredo Acosta, and Irene Acosta ("new plaintiffs"). The First Amended Complaint also named Lloyds as a defendant; Lloyds had not been named in the original Complaint. By Order dated September 7, 2005, the Court denied plaintiffs' motion without prejudice and concluded that "plaintiffs should be given one final opportunity to submit a complaint which complies in all respects with the Court's Memorandum and Order of August 6, 2004 [which denied plaintiffs' motion for class certification]."

Thereafter, plaintiffs filed a Motion for Leave to File a Second Amended Complaint, which was granted by the Court on June 17, 2008. The Second Amended Complaint, filed on June 18, 2008, included six causes of action: breach of contract of insurance (Count One); breach of fiduciary duty (Count Two); fraud (Count Three); RICO violations (Count Four); CICO violations (Count Five); and negligence (Count Six). Both Chase defendants and Lloyds filed motions to dismiss the Second Amended Complaint. By Memorandum and Order of June 22, 2009, the Court denied Chase defendants' motion and granted in part and denied in part Lloyds's motion. Charleswell v. Chase Manhattan Bank, N.A. (Charleswell III), No. 01-119, 2009 U.S.

3

Dist. LEXIS 54519 (D.V.I. June 24, 2009). Lloyds's Motion to Dismiss was granted with respect to the new plaintiffs' breach of fiduciary duty, fraud, RICO, and negligence claims (Counts Two, Three, Four, and Six) and with respect to the original plaintiffs' RICO claim (Count Four), but was denied in all other respects. The Court also dismissed, *sua sponte*, the paragraphs of the Second Amended Complaint which assert claims based on excessive premiums. To the extent that defendants' motions to dismiss were denied, the Court noted that such denial was without prejudice to defendants' right to raise the issues addressed in the motions to dismiss at the conclusion of relevant discovery by motion for summary judgment and/or at trial.

On July 31, 2009, Chase defendants filed an Answer and Defenses to Plaintiffs' Second Amended Class Action Complaint, and Lloyds filed an Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint. Thereafter, plaintiffs filed Motions to Strike Affirmative Defenses against both Chase defendants and Lloyds.

In response to plaintiffs' Motion to Strike, Chase defendants filed First Amended Affirmative Defenses on September 17, 2009. Plaintiffs thereafter advised the Court that they chose not to respond to Chase defendants' First Amended Affirmative Defenses. Accordingly, by Order of October 16, 2009, the Court denied as moot Plaintiffs' Motion to Strike the Chase Defendants' Affirmative and Other Defenses. The Court addresses in this Memorandum plaintiffs' Motion to Strike Affirmative Defenses against Lloyds.

**III.    Standard of Review**

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "It is well-established that '[b]ecause of the drastic nature of the remedy . . .

4

motions to strike are usually viewed with disfavor and will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Benjamin v. Esso Standard Oil Co., No. 1:08-cv-101, 2009 U.S. Dist. LEXIS 48677, at *1-*2 (D.V.I. June 4, 2009) (quoting Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (internal quotation marks omitted)); see also Knit With v. Knitting Fever, Inc., Nos. 08-4221, 08-4775, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009); United States v. Acorn Tech. Fund, L.P., No. 03-0070, 2006 U.S. Dist. LEXIS 3507, at *11 (E.D. Pa. Jan. 31, 2006). "[A] motion to strike should not be granted when the sufficiency of the defense depends upon disputed issues of fact." Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 898 (E.D. Pa. 1984). Rather, courts should grant motions to strike only when "the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts." Id. (quoting United States v. Pennsalt Chemicals Corp., 262 F. Supp. 101, 101 (E.D. Pa. 1967)).

## IV.    Discussion

In their motion, plaintiffs seek to strike Affirmative Defenses Five, Six, Seven, Nine, and Fourteen, as well as the Reservation of Rights clause of Lloyds's Answer and Affirmative Defenses. In its Response to plaintiffs' motion, Lloyds voluntarily withdrew the Reservation of Rights clause from its Answer. (Lloyds Resp. to Mot. 11). Plaintiffs' remaining objections can be organized in two categories: (1) Defenses that are precluded by the Court's prior rulings (Defenses Five and Six); and (2) Defenses that are insufficiently plead under recent Supreme Court precedent (Defenses Seven, Nine, and Fourteen). The Court concludes that Lloyds's defenses were properly asserted for the reasons stated below, and denies plaintiffs' motion in its entirety.

## A.     Defenses Precluded By Prior Rulings

### 1.     Affirmative Defense Five (Statute of Limitations)

Lloyds's Fifth Affirmative Defense argues that class plaintiffs' claims under Count One (breach of insurance contract) are time-barred. (Lloyds Answer 11.) In response, plaintiffs argue that as the Court previously ruled on the statute of limitations issue in Charleswell III, this defense should be stricken. (Mot. to Strike Lloyds 4-5.)

While the Court concluded in Charleswell III that the statute of limitations would run from the date that the original plaintiffs discovered their injuries – December 1999 – the Court explicitly stated that its "ruling on this issue is without prejudice to defendants' right to assert their statute of limitations defense after the completion of relevant discovery." 2009 U.S. Dist. LEXIS 54519, at *37. Thus, this defense is appropriate and plaintiffs' Motion to Strike it is denied.

### 2.     Affirmative Defense Six (Suit Limitation)

The Sixth Affirmative Defense raised in Lloyds's Answer avers that class plaintiffs' claims against Lloyds are barred by the application of the suit limitation provision in Lloyds's Master Policy, which provides that "[n]o action shall be brought [against Lloyds] unless there has been compliance with the policy conditions and the action is started within one year after the loss." (Lloyds Answer 11.) Lloyds argues that because class plaintiffs had notice of insurance coverages in December 1999, but did not join Lloyds in the instant litigation until December 1, 2004, their claims should be precluded under the one-year suit limitation provision. (Id.) In response, plaintiffs state that the "Court addressed and rejected the suit limitation issue twice" – first, in its Memorandum and Order of June 22, 2009, and second, in its August 11, 2009, order

denying Lloyds's Motion for Reconsideration. (Mot. to Strike Lloyds 5.)

Plaintiffs are only partially correct in their description of the Court's previous rulings. In Charleswell III, the Court concluded that "defendants may not, at this stage in the litigation, rely on the policy's one-year suit limitation provision to bar plaintiffs' claims." 2009 U.S. Dist. LEXIS 54519, at *53. However, the Court cautioned that "[t]his determination is without prejudice to defendants' right to assert the validity of the Lloyds suit limitation provision after the completion of relevant discovery." Id. Following this ruling, Lloyds filed a Motion for Reconsideration of the ruling on the suit limitation provision. The Court, by Order of August 11, 2009, denied that Motion without prejudice to Lloyds's "right to address the issue after completion of discovery by motion for summary judgment and/or at trial." In both rulings, the Court granted Lloyds leave to assert the suit limitation defense in the future if warranted by the facts. Thus plaintiffs' Motion to Strike this defense must fail.

## B. Defenses Insufficiently Plead

In their motion, plaintiffs assert that Lloyds's Affirmative Defenses Seven, Nine, and Fourteen are insufficiently plead under the standards set by two recent Supreme Court rulings – Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In Twombly, the Court held that a complaint must allege "[f]actual allegations . . . to raise a right to relief above the speculative level." 550 U.S. at 555. Iqbal elaborated on the Twombly standard, requiring a complaint to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In their present motion, plaintiffs urge this Court to apply the same standard to affirmative defenses.

7

District courts are divided on whether Twombly and Iqbal should extend to affirmative defenses. Compare First Nat'l Ins. Co. of Am. v. Camps Servs., No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, at *5 (E.D. Mich. Jan. 5, 2009) ("Twombly's analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to [a motion to strike affirmative defenses]."), and Westbrook v. Paragon Sys., Inc., No. 07-0714-WS-C, 2007 U.S. Dist. LEXIS 88490, at *1-*2 (S.D. Ala. Nov. 29, 2007) (refusing to apply Twombly to a motion to strike affirmative defenses by distinguishing Rule 8(c) from Rule 8(a)), with Safeco Ins. Co. of Am. v. O'Hara Corp., No. 08-CV-10545, 2008 U.S. Dist. LEXIS 48399, at *3 (E.D. Mich. June 25, 2008) (holding that "defenses fall within the ambit of Twombly"), Holtzman v. B/E Aerospace, Inc., No. 07-80551, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) (citing Twombly in support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" to allow plaintiff to "prepare adequately to respond to those defenses").

Few cases have addressed this issue in the Third Circuit. See Romantine v. CH2M Hill Engineers, No. 09 -973, 2009 U.S. Dist. LEXIS 98699 (W.D. Pa. Oct. 23, 2009); Huertas v. United States Dep't of Educ., No. 08-3959, 2009 U.S. Dist. LEXIS 59320 (D. N.J. July 13, 2009); Sun Microsystems, Inc. v. Versata Enterprises, Inc., 630 F. Supp. 2d 395 (D. Del. 2009). Two of these decisions noted the conflict among courts on the issue, but declined to resolve the question. Huertas, 2009 U.S. Dist. LEXIS 59320, at *5 n.2; Sun Microsystems, 630 F. Supp. 2d at 408 n.8. Most recently, in Romantine, Magistrate Judge Lisa Pupo Lenihan ruled that Twombly was inapplicable to affirmative defenses and denied a motion to strike such defenses. 2009 U.S. Dist. LEXIS 98699, at *3-*4.

This Court concludes that the pleading standards articulated in Twombly and Iqbal do not

extend to affirmative defenses. Twombly interpreted Rule 8(a)(2), which states that a pleading

must contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Rule 8(c)(1), which provides for affirmative defenses, states only

that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P.

8(c)(1). There is no requirement under Rule 8(c) that a defendant "show" any facts at all. Thus,

the Court rejects plaintiffs' arguments on this issue.

Moreover, there is no authority to strike Affirmative Defenses Seven, Nine, and Fourteen

under Third Circuit law. Each of these defenses presents allegations with a "possible relation to

the controversy." Benjamin, 2009 US Dist. LEXIS 48677, at *2 (quoting Garlanger, 223 F.

Supp. at 609). Further, striking affirmative defenses is inappropriate "when the sufficiency of the

defense depends upon disputed issues of fact" or when the defense may succeed under "any

pleaded or inferable set of facts." Linker, 594 F. Supp. at 898.

Affirmative defenses Seven, Nine, and Fourteen are appropriately plead under this case

law. The Court next addresses the separate issues presented by plaintiffs' challenge to each such

defense.

### 1.    Affirmative Defense Seven (Failure to State a Claim)

In its Seventh Affirmative Defense, Lloyds asserts that "Count [Five] fails to state a claim

upon which relief may be granted." (Lloyds Answer 12.) Plaintiffs' argue that the defense is

insufficient for three reasons, as it: "fails to set forth any elements of the defense or supporting

facts"; merely restates the standard for dismissal articulated under Rule 12(b)(6); and is

"redundant, as this Court has already considered and rejected Lloyd[s]'s motion to dismiss Count

[Five]." (Mot. to Strike Lloyds 5.)

9

The Court rejects all of plaintiffs' arguments regarding this affirmative defense. As discussed above, the heightened pleading standard of Twombly does not apply to affirmative defenses. While Lloyds's Motion to Dismiss plaintiffs' Second Amended Complaint raised a number of defenses, it did not assert this one – that Count Five fails to state a claim upon which relief may be granted. Thus the Court has not "already considered and rejected" this defense, as plaintiffs argue. Further, the Federal Rules of Civil Procedure do not preclude Lloyds from asserting the defense at this time. Under Rule 12(h)(2)(A), even if a defendant did not raise this defense by motion before filing a responsive pleading, the defense is preserved and may be raised "in any pleading allowed or ordered under Rule 7(a)," which includes an answer to a complaint. Fed. R. Civ. P. 7(a), 12(h)(2)(A). For all for the above reasons, the Court concludes that Lloyds's Seventh Affirmative Defense is not inappropriate.

## 2.    Affirmative Defense Nine (Failure to Mitigate Damages)

Lloyds avers in its Ninth Affirmative Defense that "Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages alleged in this action." (Lloyds Answer 12.) Plaintiffs object to this defense on the grounds that: it is not listed among the affirmative defenses provided in Rule 8(c)(1); Lloyds does not state elements of the defense or allege facts in support; and Lloyds has "failed to provide fair notice of how the Plaintiffs allegedly failed to mitigate their damages." (Mot. to Strike Lloyds 6.)

Lloyds notes, "[t]he list of nineteen affirmative defenses in Federal Rule 8(c) . . . is not intended to be exhaustive." (Lloyds Resp. to Mot. 9 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1271 (3d. 2009)).) This Court agrees that Rule 8(c) is not exhaustive. Moreover, as discussed above, Lloyds is not required to allege facts in support of

10

this affirmative defense as is required by Twombly and Iqbal for a complaint. On this issue, another court in this District recently upheld a similar affirmative defense, concluding that granting a motion to strike would be improper. Knit, a 2009 WL 973492, at *9-*10. This Court agrees with the ruling in Knit. For all of these reasons, plaintiffs' Motion to Strike Lloyds's Ninth Affirmative Defense is denied.

### 3. Affirmative Defense Fourteen (Contributory and/or Comparative Negligence)

In its Fourteenth Affirmative Defense, Lloyds asserts that "Plaintiffs' claims are barred in whole or in part by Plaintiffs' contributory and/or comparative negligence." (Lloyds Answer 13.) Plaintiffs argue that this defense "appears to give Plaintiffs the option of discerning the elements of three separate defenses: 'contributory negligence,' 'comparative negligence,' and 'contributory and comparative negligence,'" and fails to put plaintiffs on notice as to the nature of Lloyds's pleadings. (Mot. to Strike 6.) The Court disagrees. Lloyds is not required to allege facts in support of this affirmative defense. Moreover, Rule 8(c) specifically authorizes the defense of contributory negligence. Fed. R. Civ. P. 8(c). Thus, plaintiffs' Motion to Strike Affirmative Defense Fourteen is denied.

### V. Conclusion

For the foregoing reasons, plaintiffs' Motion to Strike Lloyds's Affirmative Defenses is denied.

An appropriate order follows.

11