IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RAYMOND AND GURDA CHARLESWELL, JACQUELINE JEFFRIES, MARILYN A. CREQUE, JEAN S. MAYNARD, HOLLISTER PIERRE, and VERDINE PIERRE, individually, and JACINTA SPRINGETTE, WILFREDO ACOSTA, and IRENE ACOSTA, individually and on behalf of a class of persons similarly situated, | CIVIL ACTION |
| Plaintiffs, | NO. 01-119 |
| v. | |
| CHASE MANHATTAN BANK, N.A., CHASE MANHATTAN MORTGAGE CORPORATION, and CHASE AGENCY SERVICES, INC., | |
| Defendants / Third-Party Plaintiffs, | |
| v. | |
| CERTAIN INTERESTED UNDERWRITERS AT LLOYDS OF LONDON | |
| Defendant / Third-Party Defendant. | |

DUBOIS, J.                                                                                           OCTOBER 3, 2011

**M E M O R A N D U M**

**I.    INTRODUCTION**

This action arises out of property damage caused by Hurricane Marilyn, which struck the U.S. Virgin Islands in September 1995. Plaintiffs, owners of damaged property, assert claims against defendants Chase Manhattan Bank, N.A.; Chase Manhattan Mortgage Corporation; and

Chase Agency Services (collectively "Chase defendants"); as well as Certain Interested Underwriters at Lloyds of London ("Lloyds") for tens of millions of dollars of insurance coverage stemming from the storm. Presently before the Court is plaintiffs' Motion to Reconsider and/or Clarify and/or Certify the Court's Order of August 9, 2011. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

**II.    BACKGROUND**

The relevant facts and procedural history of this case are stated in detail in the Court's Order and Memorandum of June 24, 2009. Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 WL 1850650 (D.V.I. June 24, 2009). Accordingly, this Memorandum sets forth only the background necessary to resolve the motion presently before the Court.

A contentious discovery process in this case has been ongoing since mid-2009. The most recent dispute involves plaintiffs' attempt to depose the Chase Defendants under Federal Rule of Civil Procedure 30(b)(6).[1] Plaintiffs filed their Motion to Compel the Chase Defendants' 30(b)(6) Depositions and for Sanctions on June 23, 2011, and the Chase defendants responded on July 7, 2011. Plaintiffs sought an order compelling the Chase defendants to produce one or more persons to testify as to each of the 64 issues identified in plaintiffs' Rule 30(b)(6) notices, which they served on April 6 and 7, 2011. The Chase defendants responded that plaintiffs' Rule 30(b)(6)

---

[1] Federal Rule of Civil Procedure 30(b)(6) states:
> In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

notices were overbroad and failed to describe with "reasonable particularity" the topics on which plaintiffs sought testimony. Fed. R. Civ. P. 30(b)(6).

The Court held a telephone conference with the parties on August 9, 2011, to resolve the disputes surrounding the Rule 30(b)(6) depositions. At the outset, the Court ruled that plaintiffs must present to the Chase defendants copies of the documents about which plaintiffs will question the deponents in advance of the depositions. The Court further ruled that, while plaintiffs' questions are not strictly limited to those documents, questions that go beyond those documents should be posed "very, very, very—that's three verys—sparingly." (Telephone Conference Tr. 5-6, Aug. 9, 2011.) The Court then issued an Order to that effect on the same day (the "August 9th Order").

By motion filed August 31, 2011, plaintiffs now ask the Court to reconsider, clarify, and/or certify for interlocutory appeal "those portions of the Court's [August 9th O]rder which: (i) directs [sic] Plaintiffs to identify the documents that they plan to use in the Rule 30(b)(6) depositions of the Chase defendants before the depositions; and (ii) which requires [sic] plaintiffs to limit their examination of the Chase defendants [sic] 30(b)(6) designees, except in very limited circumstances, to the documents identified by them in advance of the deposition." (Pl.'s Mot. Recons. and/or Clarify and/or Certify 1.)

### III. RECONSIDERATION

Plaintiffs first ask the Court to reconsider the portions of its August 9th Order directing plaintiffs to identify documents they plan to use in the depositions and denying plaintiffs the opportunity to question deponents about other matters except in very limited circumstances. As explained below, the motion is granted with respect to the limitation on deposition questions to

3

documents produced and denied in all other respects.

### A. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A court may alter or amend a prior decision only if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court [issued its order], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); accord Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Moreover, a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("Parties are not free to relitigate issues which the court has already decided."). A motion for reconsideration should "address[] only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." Glendon Energy, 836 F. Supp. at 1122.

### B. Analysis

Plaintiffs do not assert that there has been either an "intervening change in controlling law" or "new evidence that was not available when the court issued its order." Max's Seafood

Café, 176 F.3d at 677. Instead, plaintiffs rely on the third ground: "the need to correct a clear error of law or fact or to prevent manifest injustice." Id. On that issue, plaintiffs make three arguments: (1) that the August 9th Order requires disclosure of plaintiffs' attorneys' work product; (2) that it "switches the burden from the [d]efendants to the [p]laintiffs to prepare the defendants [sic] witnesses for their testimony"; and (3) that it limits the scope of discovery impermissibly because plaintiffs will not be able to question the Rule 30(b)(6) deponents about issues to which no produced documents pertain. (Pl.'s Mot. Recons. and/or Clarify and/or Certify 3-4.)

The Court will first address its authority to issue the challenged order. It will then turn to plaintiffs' work product claim, plaintiffs' claim that the August 9th Order places the burden of preparing witnesses on plaintiffs, and plaintiffs' claim that the August 9th Order limits discovery.

### 1. The Court's Authority

Issues of discovery and case management are within the sound discretion of the trial court. Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010); see also In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). As the First Circuit has held, the power to issue an order directing parties to disclose deposition exhibits ahead of time derives from the court's "authority to control and manage the litigation and the course of discovery." In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1013 (1st Cir. 1988) (citing Fed. R. Civ. P. 16(e) and 26(f)). Further, other courts have issued similar orders. See, e.g., Bergstrong, Inc. v. Glacier Bay, Inc., No. 08-50078, 2010 WL 3516190, at *5 (N.D. Ill. Aug. 31, 2010) ("Plaintiff is required to provide a list of documents, with bates numbers, that it intends to show

and question the designated witness on no later than 48 hours, or two working days, prior to the commencement of the deposition."). This Court, in the exercise of its discretion, concluded that this was an appropriate case for requiring plaintiffs, the parties seeking the depositions, to identify the documents that they intend to use in the depositions.

### 2. Attorney Work Product

The work product doctrine, which Rule 26(b)(3) of the Federal Rules of Civil Procedure codifies, provides that items prepared in anticipation of litigation are generally protected from discovery by an opposing party. A document is considered to have been prepared in anticipation of litigation if "in light of the nature of the document and the factual situation of the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1258 (3d Cir. 1993) (citing United States v. Rockwell Int'l, 897 F.2d 1255, 1266 (3d Cir. 1990)).

Rule 26(b)(3) establishes two tiers of protection for such materials. "Fact" work product is discoverable only upon a showing of "substantial need" and by demonstrating that one cannot otherwise obtain the "substantial equivalent" of such materials without "undue hardship." Fed. R. Civ. P. 26(b)(3). "Core" or "opinion" work product, which consists of "mental impressions, conclusions, opinions, or legal theories of an attorney," requires almost absolute protection. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) (citing Fed. R. Civ. P. 26(b)(3)). Opinion work product is discoverable "only upon a showing of rare and exceptional circumstances." Id. The rationale behind this distinction is that "any slight factual content that such items may have is generally outweighed by the adversary system's interest in maintaining the privacy of an attorney's thought processes." Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985)

(citations omitted).

A lawyer's compilation of documents for use in preparing that lawyer's witnesses for deposition constitutes "opinion" work product that is afforded "almost absolute protection from discovery." Sporck, 759 F.2d at 316. However, where the documents are compiled for use as exhibits in a deposition, the compilation falls into the "fact" category, which is subject to less protection. San Juan Dupont, 859 F.2d at 1015–16, cited in Cendant Corp. Sec. Litig., 343 F.3d 658, 664 (3d Cir. 2003). This is because "the lawyer has had no justifiable expectation that the mental impressions revealed by the materials will remain private." San Juan Dupont, 859 F.2d at 1016; see also Craig v. Rite Aid Corp, No. 08-2317, 2011 WL 302095 (M.D. Pa. July 22, 2011) (distinguishing Sporck from San Juan Dupont and holding that the work product doctrine did not prevent the court from ordering the deposing party to produce some deposition exhibits in advance). In other words, heightened protection of work product is "not triggered unless disclosure creates a real, nonspeculative danger of revealing the lawyer's thoughts." San Juan Dupont, 859 F.2d at 1015.[2] This is not a concern when those thoughts will inevitably be revealed to the opponent, as they will be when they are contained in a collection of exhibits for an upcoming deposition. Id.

The Court's August 9th Order was substantially similar to the orders at issue in San Juan Dupont and Craig. In both of those cases, the district court ordered the deposing party to produce deposition exhibits in advance of the deposition. Because the August 9th Order in this case requires plaintiffs to turn over only those documents they plan to use in the Rule 30(b)(6)

---

[2]Courts have followed San Juan Dupont in the Rule 30(b)(6) context as well. See U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990); FDIC v. Wachovia Ins. Servs., Inc., 241 F.R.D. 104, 107–08 (D. Conn. 2007).

depositions—i.e., a set of documents that the defendants are sure to see when the deposition commences—the "substantial need" test applies. The Court now turns to whether the substantial need test is met in this case.

The San Juan Dupont court found that when the "need" involved was case management as opposed to fact discovery, "the district judge must be given greater latitude than provided by the routine striking of the need/hardship balance." 859 F.2d at 1015. The complexity and size of San Juan Dupont militated in favor of the district court's "unorthodox measures." Id. at 1019. The depositions numbered in the thousands and the documents in the millions; this justified ordering the deposing party to produce exhibits in advance of the depositions. Id.

In this case, the parties have produced over 25,000 pages of documents. Further, the events giving rise to the suit occurred more than fifteen years ago, making preparation much more difficult. Finally, "there are virtually no current employees of the Chase defendants with any personal knowledge of the events at issue and those that do exist have provided fact testimony." (Chase Defs.' Opp'n to Pls.' Mot. to Recons. and/or Clarify and/or Certify 9.) Thus, it is even more crucial that the deponents be adequately prepared to answer questions in order to make the depositions as productive as possible. These facts constitute a "special need": the attorney work product doctrine does not prevent the Court from ordering plaintiffs to make known in advance the documents they plan to use at the Rule 30(b)(6) depositions.

### 3. Switching the Burden of Preparing Witnesses

Plaintiffs also argue that the Court's Order impermissibly "switches" the burden of preparing the witnesses from the Chase defendants to the plaintiffs. (Pl.'s Mot. Recons. and/or Clarify and/or Certify 3.) While the Court can hardly argue with the general proposition that it is

the Chase defendants' job to prepare its Rule 30(b)(6) witnesses, it is unclear how the August 9th Order changes this: defendants still must prepare the witnesses to answer plaintiffs' questions and ensure that the witnesses are familiar with the documents to be used at the depositions. The August 9th Order merely limits the world of documents for use at the depositions. Plaintiffs are charged with doing nothing more than they would ordinarily do: choosing documents to use as exhibits at the depositions. The burden of preparing the witnesses remains on defendants.

### 4. Limiting Discovery

Plaintiffs' final argument on the reconsideration issue is that the August 9th Order limits discovery. If there are no documents on a certain issue, plaintiffs contend they will not be able to ask the witnesses about that issue. The Court agrees that the August 9th Order does appear to limit discovery in this way. This was not the Court's intention, and the Court believes that doing so would result in manifest injustice as it would limit the factfinding mission of the depositions without increasing efficiency. Thus, the Court grants plaintiffs' Motion with respect to this issue.

Plaintiffs are permitted to ask questions on the subjects designated in the notices of deposition even where there are no documents relating to those subjects. The limitation on questions that go beyond the produced documents applies only to questions based on documents not produced by plaintiffs in advance of the depositions. In other words, the Order, as amended by this Memorandum, now places plaintiffs' questions into three different categories. First, plaintiffs may question deponents about documents that plaintiffs identify in advance of the depositions in accordance with the August 9th Order. Second, there is no restriction on plaintiffs' posing questions unrelated to any document, provided the questions are on the topics identified in the Rule 30(b)(6) notices. Third, plaintiffs may ask questions pertaining to documents that

plaintiffs did not produce in advance of the depositions but plaintiffs may do so only "very, very, very—that's three verys—sparingly." (Telephone Conference Tr. 5, August 9, 2011)

There are over 25,000 pages of documents in this case. Further, the Chase defendants have stated that the Rule 30(b)(6) deponents do not have first hand knowledge of the facts giving rise to the suit, which occurred more than fifteen years ago. Thus, questioning deponents on documents that they might never have seen before would make deposition preparation much more difficult and unnecessarily prolong the depositions. The goal of the August 9th Order was not to limit discovery, but rather to require production of documents in advance of the depositions in order to make depositions more efficient and productive. As reconsidered, the August 9th Order accomplishes this goal.

### C. Conclusion

Plaintiffs have failed to satisfy their burden of showing that the Court should reconsider the August 9th Order either on attorney work product grounds or because it shifts the burden of preparing defendants' witnesses to plaintiffs. Case management and discovery issues are soundly within the discretion of the court, and plaintiffs have not shown that the Court abused its discretion in these respects. However, the Court grants plaintiffs' Motion with regard to the limitation of discovery issue explained above.

### IV. CERTIFICATION

Plaintiffs further ask the Court to certify for interlocutory appeal some or all of the issues raised by the August 9th Order. Plaintiffs have failed to demonstrate that certification is appropriate here, and thus their request is denied.

### A. Legal Standard

A court may grant leave to file an interlocutory appeal under 28 U.S.C. § 1292(b) only if its order: (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) if appealed immediately, "materially advance[s] the ultimate termination of the litigation." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). With respect to the first factor, the Third Circuit has defined a "controlling question of law" to "encompass at the very least every order which, if erroneous, would be reversible error on final appeal." Id. at 755.

All three conditions must be met before a court may certify an order for interlocutory appeal. Aparicio v. Swan Lake, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). Moreover, certification for interlocutory review is appropriate only in exceptional circumstances. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 474–75 (1978); Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir. 1958); Johnson v. Columbia Cas. Co., No. 03-1552, 2006 WL 1805979, at *1 (E.D. Pa. June 29, 2006).

### B. Analysis

None of the three prongs of the test announced in Katz are met here. First, the Order does not involve a controlling question of law. "A question of law is deemed to be 'controlling' if reversal of the order would terminate the action or a determination of the issue on appeal would materially affect the outcome of the litigation." In re Enron Corp., No. M-47, 2007 WL 120458, at *2 (S.D.N.Y. Jan. 17, 2007); see also In re Traversa, 371 B.R. 1, 5 (D. Conn. 2007) (quoting Enron). The August 9th Order does not involve a controlling question of law because forcing plaintiffs to identify documents in advance of the Rule 30(b)(6) depositions would not materially

11

affect the outcome of the litigation. The August 9th Order has nothing to do with the substance of any of plaintiffs' claims or defendants' defenses.[3]

Second, there is no substantial ground for a difference of opinion. Every court that has considered the issue of producing documents in advance of a deposition has come to the conclusion reached above. Moreover, courts have held that "an order granting or denying discovery is ordinarily a non-appealable interlocutory order." McCann v. Commc'ns Design Corp., 775 F. Supp. 1506, 1534 (D. Conn. 1991). This comports with the trial court's discretion surrounding matters of discovery. See Fine Paper Antitrust Litig., 685 F.2d at 817 ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

Third, appealing the August 9th Order would not advance the litigation. Vacating the August 9th Order would simply return the parties to their initial positions, except that defendants would require much more time to prepare deponents for the Rule 30(b)(6) depositions and the depositions would be unnecessarily prolonged.

Because plaintiffs have failed to satisfy any of the three requirements for certification laid out in Katz, their request for certification is denied.

## V. CLARIFICATION

Plaintiffs ask the Court to (1) "clarify that [p]laintiffs have leave to question witnesses about issues even if there are no documents that have been produced concerning those areas" and (2) "clarify that plaintiffs do not have to identify the specific issues that documents are

---

[3]The analysis could stop here because all three prongs of the test in Katz must be satisfied. Nonetheless, the court will address the remaining prongs of the Katz test.

responsive to." (Pl.'s Mot. Recons. and/or Clarify and/or Certify 10.) The Court addressed the first request for clarification above. See supra Part IV.B.3. Plaintiffs are permitted to question witnesses about issues identified in the deposition notices even if there are no documents concerning those issues.

As for the second request for clarification, nowhere in the August 9th Order or Telephone Conference transcript did the Court instruct plaintiffs to identify the specific issues to which the documents are responsive. The purpose of the Order was to limit the number of documents with which witnesses would need to familiarize themselves, not to inform the witnesses of the purpose for which plaintiffs intended to use those documents. Thus, the Court hereby clarifies that "Plaintiffs do not have to identify the specific issues that documents are responsive to." (Pl.'s Mot. Recons. and/or Clarify and/or Certify. 10.)

## VI. Conclusion

The portion of plaintiffs' Motion seeking reconsideration is denied with respect to the work product claim and plaintiffs' argument that the August 9th Order inappropriately places on them the burden of preparing the witnesses for the depositions. However, plaintiffs' Motion is granted with respect to the limitation on the scope of questioning at the Rule 30(b)(6) depositions imposed in the August 9th Order. Plaintiffs' Motion is denied insofar as it asks the Court to certify the question for interlocutory appeal. Plaintiffs' request for clarification on the scope of questioning and whether plaintiffs must disclose in what respect the produced documents are responsive to specific subjects is granted insofar as this Memorandum clarifies these issues.